# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **SHANNON HAMMONDS,** | ) |
| Plaintiff, | ) Case No. 1:09CV00041 |
| v. | ) **OPINION** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,** | ) By: James P. Jones<br>) Chief United States District Judge |
| Defendant. | ) |

*Michael F. Gibson, Gibson, Lefler & Associates, Princeton, West Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, and Robert W. Kosman, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I vacate the final decision of the Commissioner of Social Security (the "Commissioner") and remand for further proceedings consistent with this Opinion.

I

The plaintiff, Shannon Hammonds, filed this action challenging the Commissioner's decision to deny his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act

("Act"), 42 U.S.C.A. §§ 401-34, 1381-83f (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g), 1383(c)(3).

Hammonds protectively filed for benefits on March 23, 2006, alleging his disability began January 27, 2004. His claim was denied initially and upon reconsideration. An administrative law judge ("ALJ") held a video hearing on March 21, 2008, in which Hammonds, represented by counsel, and a vocational expert ("VE") testified. The ALJ rejected Hammonds' claim on April 25, 2008. The Commissioner's decision became final when the Social Security Administration's Appeals Council (the "Appeals Council") denied Hammonds' request for review on February 24, 2009. Thereafter, Hammonds filed his Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross-motions for judgment and have fully briefed the issues. The case is now ripe for decision.

II

Hammonds was thirty-one-years old at the time of the ALJ's decision, a person of younger age under the regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c) (2009). Hammonds has a limited educational background. He did not graduate high school, attending school through the ninth grade. Before the alleged onset of his

disability, Hammonds worked as a pump technician, welder, machine operator, and tree cutter — all jobs that require medium to heavy exertion.

Hammonds claims he is unable to work because of a combination of impairments including knee problems, back pain, right wrist sprain, depression, high blood pressure, and limited intellectual functioning, and he provided medical records to the ALJ to substantiate his claim. After reviewing the evidence, the ALJ found that Hammonds suffered from the severe impairments from post-partial left knee reconstruction, internal derangement of the right knee with degenerative meniscus, borderline intellectual functioning, dysthymic disorder, and ongoing alcohol dependency. The ALJ determined that none of these impairments qualified as any of the agency's listed disabilities, either alone or in combination.

Consequently, the ALJ found Hammonds had the residual functional capacity to perform sedentary work that does not require detailed or complex tasks or interaction with the public. The VE testified that someone with Hammonds' residual functional capacity would be able to perform the job duties of assembler, packer, inspector, tester, or sampler. According to the VE, there are approximately 3,000 such jobs in the region and 80,000 in the national economy. Relying on this testimony, the ALJ concluded that Hammonds was able to perform work that existed in significant numbers in the national economy and was therefore not disabled.

Hammonds argues the ALJ's decision is not supported by substantial evidence. For the reasons detailed below, I agree.

III

The plaintiff bears the burden of proving that he is suffering from a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *See id.*; *Bennett v. Sullivan*, 917 F.2d 157, 159 (4th Cir.

1990).  The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2009); *see also Reichenbach v. Heckler*, 808 F.2d 309, 311 (4th Cir. 1985).  If the claimant can perform work that exists in significant numbers in the national economy, then he does not have a disability.  *See* 20 C.F.R. §§ 404.1566(b), 416.966(b) (2009).

This court must uphold the ALJ's findings if substantial evidence supports them and they were reached through application of the correct legal standard.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted).  This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is the role of the ALJ, not this court, to resolve evidentiary conflicts, including inconsistencies in the evidence.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, "[b]efore [a court] can determine whether substantial evidence supports an administrative determination, [it] must first ascertain whether the [the

agency] has discharged [its] duty to consider all relevant evidence." *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997) (citation and internal quotation marks omitted). There is a "general requirement that a[n] ALJ is required to explicitly indicate the weight given to relevant evidence." *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989); *see also Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979) (holding that the ALJ "must indicate explicitly that all relevant evidence has been weighed and its weight").

In this case, the ALJ fell short of fulfilling this obligation. For example, Hammonds complained that he suffered from back problems, and he submitted records that showed on March 24, 2006, treating physician Yogesh Chand, M.D., diagnosed him with "[c]hronic pain syndrome of the lumbar spine with possible referred pain to the right leg with a possible peroneal nerve injury of the fibula head vs. the low back at L4-L5 disc herniation." (R. at 279.) Similarly, the state agency consulting physician, Frank Johnson, M.D., performed a physical residual functional capacity assessment and found that "[t]he medical evidence establishes a medically determinable impairment of . . . Lumbar Strain." (R. at 297.) Yet, the ALJ never mentioned these physicians' significant findings or anything else about Hammonds'

alleged back problems in his decision, nor did the ALJ indicate why he found this impairment was not severe.[1]

The ALJ also failed to evaluate the records documenting Hammonds' purported wrist injury and high blood pressure. And again, the ALJ did not provide reasons for determining these alleged injuries were not severe. In fact, the ALJ did not provide any reasons for his determination of the severity of any impairments. The ALJ simply stated which impairments were severe without giving any analysis or citing any supporting evidence. (*See* R. at 12.)

It is imperative for the ALJ to articulate his reasoning, because otherwise this court's ability to provide adequate judicial review is impeded. "[U]nless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Sterling Smokeless*, 131 F.3d at 439-40 (citation and internal quotation marks omitted). The court "cannot determine if findings are unsupported by substantial

---

[1] The Commissioner does not contend that the evidence of the back impairment is irrelevant or that the ALJ provided any reasons for finding the back injury non-severe. Instead, the Commissioner argues that there is substantial evidence in the record to support such a finding. (*See* Def.'s Br. Supp. Mot. Summ. J. 16-19.)

evidence unless the [Commissioner] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984).

Even if these purported impairments were not severe, the ALJ had a duty to evaluate the evidence and consider the aggregate effect of all the impairments, severe or not, on Hammonds' ability to work. *See Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir. 1986) (holding that the Commissioner "must evaluate the combined severity of multiple impairments 'without regard to whether any such impairment, if considered separately, would be of sufficient severity.' Moreover, the [Commissioner] must make a specific and well-articulated finding as to the effect of the combination of impairments" (quoting 20 C.F.R. § 416.923 (2009))).

Because the ALJ failed to consider relevant and material evidence, provide any reasons for his findings as to the severity of impairments, or consider the severe impairments in combination with the non-severe impairments, I find that the ALJ's decision is not supported by substantial evidence.

Accordingly, this case will be remanded to the Commissioner for reconsideration, with instructions to indicate explicitly in such reconsideration the weight accorded to all relevant evidence. *See Sterling Smokeless*, 131 F.3d at 440 (holding that if an ALJ fails "to consider all of the relevant and material evidence bearing on claimant's entitlement to benefits . . . a remand for further proceedings is

necessary"). On remand, the plaintiff should be afforded the opportunity to submit further evidence.

IV

For the foregoing reasons, the parties' motions for judgment will be denied, and the final decision of the Commissioner will be vacated and the case remanded for further proceedings consistent with this Opinion. An appropriate final judgment will be entered.

DATED: May 27, 2010

/S/ JAMES P. JONES
Chief United States District Judge